# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  1:19-cv-3614

AMANDA ERICSON,

        Plaintiff

v.

MCWHINNEY REAL ESTATE SERVICES, INC.

        Defendant

## COMPLAINT AND JURY DEMAND

Plaintiff, Amanda Ericson, by and through her counsel, Kelli Riley of Riley Law LLC, hereby files this Complaint and Jury Demand against Defendant, McWhinney Real Estate Services, Inc., and in support thereof, Plaintiff states as follows:

### I.   INTRODUCTION

1. This is a sex discrimination and retaliation case brought by Plaintiff Amanda Ericson against Defendant McWhinney Real Estate Services, Inc. (hereafter "McWhinney"). Plaintiff was recruited by McWhinney for their Director of People Services position. Almost immediately, a jealous co-worker began sexually harassing Plaintiff by spreading rumors that Plaintiff was having a extra marital sexual relationship with her direct supervisor and had "slept her way to the top." This co-worker was combative and retaliatory, and when confronted about her behavior by Plaintiff's supervisor, the co-worker would discipline the employees who had told Plaintiff about the rumors. Plaintiff exercised her rights under Title VII and complained to her supervisors, and then was terminated three weeks later.

### II.   PARTIES, JURISDICTION, AND VENUE

1

2.  Plaintiff Amanda Ericson is and was a resident of the State of Colorado and performed work for Defendant in Colorado during all relevant times.

3.  Plaintiff has exhausted all administrative prerequisites to the filing of this action.

4.  Plaintiff received a Notice of Right to Sue on September 27, 2019 from the EEOC.

5.  Defendant McWhinney is and was at all relevant times a Colorado corporation licensed to and doing business in the State of Colorado

6.  At all relevant times, Defendants were an "employer" within the meaning of Title VII.

7.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(B).

8.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is a company doing business in Colorado, and all of the events complained of herein occurred in Colorado.

### III.   FACTUAL ALLEGATIONS

9.  Plaintiff was an employee of McWhinney.

10. Plaintiff was initially hired as a contract consultant in March 2018.

11. Debbie Glasco was involved in recruiting Plaintiff for the consultant position.

12. In the consultant role, Plaintiff reported to Shawn Evans, Vice President of People Services for Defendant.

13. Debbie Glasco also reported to Shawn Evans.

14. Plaintiff performed well as a consultant and Defendant recruited her for a full-time position as Director of People Services.

15. Plaintiff and Debbie Glasco discussed that Ms. Glasco was not interested in the being developed into the Vice President role in the future because Ms. Glasco had a small business on the side that she was busy growing. Plaintiff and Debbie Glasco discussed that Shawn Evans and Debbie Glasco had thought Plaintiff may be a great successor to the Vice President role in the coming years. This contributed to identifying the Plaintiff as the prime candidate for the Director position

16. On July 2, 2018, Plaintiff began her role as Director of People Services. Her salary was $100,000 with bonus potential of 20%.

17. Immediately after her hire as Director of People Services, Ms. Glasco began harassing Plaintiff.

18. Ms. Glasco drafted a powerpoint presentation about how Plaintiff was unfit for the position of Director of People Services and left it in Defendant's Denver Human Resources office, which Plaintiff shared with Ms. Glasco and other employees.

19. Plaintiff read the powerpoint presentation with Ms. Glasco's notes on July 16, 2018 and was upset to see statements that claimed her prior employer was glad she left, claims that Shawn Evans was sexually harassing her and other women, and claims that she would "do whatever it takes" to get to the top.

20. Plaintiff discussed this presentation immediately with Shawn Evans on July 16, 2018.

21. Shawn Evans discussed the presentation with Ms. Glasco, but Ms. Glasco continued to harass Plaintiff.

22. Ms. Glasco told her subordinate employees that Plaintiff and Mr. Evans were having an extra marital sexual relationship and that Plaintiff had slept her way to the top.

23. Plaintiff heard these untrue rumors from two of Ms. Glasco's direct reports.

24. Plaintiff confronted Ms. Glasco directly to try to resolve the conflict, and Ms. Glasco said she could say whatever she wanted, until someone did something about it.

25. Ms. Glasco would then discipline her staff that had told Plaintiff about the rumors by reprimanding them.

26. Plaintiff reported this to Mr. Evans every week, during a scheduled check in meeting in August and September 2018.

27. Plaintiff suggested change in title from Director of People Services to the Director of Talent Development in order to offer an opportunity for expansion of other Director roles in the HR team, allowing Ms. Glasco an opportunity to explore other positions. Ms. Glasco never explored any other opportunities.

28. Ms. Glasco received no formal discipline.

29. Around September 21, 2018, Plaintiff met with Johnna Bavoso, the interim VP of People Services, who was stepping in for Shawn Evans.

30. Plaintiff complained to Ms. Bavoso about the harassment from Ms. Glasco.

31. Ms. Bavoso promised Plaintiff they would work it out at a team retreat in a few weeks.

32. Ms. Bavoso met with Plaintiff on or about October 2, 2018 and told her they would be meeting with the president of Defendant. They informed her they were eliminating the Director of People Services position because Defendant didn't "need a full-time recruiter."

33. Plaintiff was kept on for one month as a contractor, where she worked from home.

34. Approximately two months later, Ms. Glasco was promoted to Director of People Services, and in July 2018, Defendant hired a full-time Recruiter/HR Generalist.

## IV.   CLAIM FOR RELIEF
### Sexual Harassment and Hostile Work Environment Based on Sex and Retaliation in Violation of 42 U.S.C § 1981, Title VII of the Civil Rights Act of 1964

35. Plaintiff incorporates by reference all of the above paragraphs.

36. Ms. Ericson, as a woman, is a member of the class of persons protected from sex discrimination under 42 U.S.C § 1981, Title VII of the Civil Rights Act of 1964.

37. At all relevant times, Plaintiff performed the functions of her job competently and was qualified for her position with Defendant.

38. Plaintiff was subjected to a hostile work environment, and sexual harassment and was terminated because of her sex.

39. Plaintiff's sex was the motivating factors in Defendant's conduct causing her damages.

40. Defendant is liable for the acts and omissions of its agents and employees. Defendant, by and through its agents, discriminated against Plaintiff on the basis of her sex.

41. Defendant retaliated against Plaintiff when she engaged in protected activity by terminating her employment.

42. As a result of Defendant's conduct, Plaintiff has suffered damages and losses.

43. Defendant's conduct was engaged in with malice or with reckless indifference to Plaintiff's federally-protected rights within the meaning of Title VII.

## V.   RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants, and award them all relief as allowed by law and equity, including, but not limited to the following:

a. Back pay, in amounts to be determined at trial;

b. Front pay, in lieu of reinstatement;

c. Compensatory and consequential damages, including but not limited to emotional distress damages, in amounts to be determined at trial;

d. Injunctive or equitable relief as appropriate;

e. Attorney's fees and costs, including expert costs, as provided for by law;

f. Liquidated damages for all claims as allowed by law and as determined at trial;

g. Pre- and post-judgment interest at the highest lawful rates; and

h. Such further relief as justice requires or the law allows.

**PLAINTIFF REQUESTS A TRIAL TO A JURY ON ALL ISSUES SO TRIABLE.**

DATED this 20th day of December, 2019.

                                                          Respectfully submitted,

                                                          Riley Law LLC
                                                          _/s/Kelli Riley_____
                                                          Kelli Riley, # 44828
                                                          4689 20th St. Ste. E
                                                          Greeley, CO 80634
                                                          Telephone: (970) 400-7100
                                                          kelli@rileylawllc.com

                                                          ATTORNEY FOR PLAINTIFF